■ KATHERINE KRUYSMAN et al., Respondents, v DOYLE G. BROWN et al., Appellants, and VILLAGE OF GARDEN CITY, Respondent.—In a negligence action to recover damages for personal injuries, the defendants Long Island Lighting Company (hereinafter LILCO), Marianna Crescimanno and Doyle G. Brown and Eddies Taxi Corp., separately appeal from an interlocutory judgment of the Supreme Court, Nassau County (Spatt, J.), entered April 9, 1985, which, *inter alia,* upon a jury verdict after trial on the issue of liability only, apportioned fault in the happening of the accident at 30% on the part of the defendants Brown and Eddies Taxi Corp., 60% on the part of the defendant Crescimanno, and 10% on the part of the defendant LILCO, and dismissed the action insofar as it is asserted against the defendant Village of Garden City.

Interlocutory judgment affirmed, with one bill of costs payable by the appellants appearing separately and filing sepa-

rate briefs to the respondents appearing separately and filing separate briefs.

The jury's apportionment of fault was amply supported by the record *(see, Alexander v Eldred,* 63 NY2d 460, 464; *Cohen v Hallmark Cards,* 45 NY2d 493, 499). The evidence also supported the plaintiffs' contention that LILCO's use of a lighting pole with a break-away base in an urban area with high pedestrian traffic increased the likelihood of injury to pedestrians, and it was a substantial cause of the plaintiff Katherine Kruysman's injuries *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; Restatement [Second] of Torts § 431; Prosser and Keeton, Torts § 41, at 263 [5th ed]). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.